POLINSKY

v.

MICHEL LBR. AND BRICK CO., Appellant

———

(June 6, 1927. Opinion and Decree.)
(July 5, 1927. Rehearing Refused.)

———

(*Syllabus by the Court*)

1. **Louisiana Digest—Obligations—Par. 38, 182.**

When · there is a dispute between the owner of an automobile and a mechanic as to the quantity and price of the work agreed to be done and the value of the work done is four times the amount which the owner testifies the mechanic agreed to make it for, the value of the work will preponderate ·in favor of the mechanic.

Appeal from First City Court. Hon. W. Alexander Bahns, Judge.

Action by A. Pozinsky against Michel Lumber and Brick Co., Inc.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Scott E. Beer, of New Orleans, attorney for plaintiff, appellee.

Lemle, Moreno & Lemle, of New Orleans, attorney for defendant, appellant.

CLAIBORNE, J. This is a suit for repairs made to an automobile.

The plaintiff alleged that on September 1st, 1926, the defendant ordered him to do certain work on his Federal truck;

That on September 11th, 1926, defendant ordered him to do certain work on his wagon; and that on September 27th, 1926, plaintiff did general repairs to the body of plaintiff's Amleder truck for the agreed price of $50; that thereafter the defendant requested plaintiff to overhaul the engine and machinery of said truck so as to put it in working condition, but no definite price was agreed on, as it was not possible at the time to ascertain what work would be necessary; that plaintiff did all the necessary work and furnished all materials on the three trucks; that the repairs to the Amleder truck are worth $194.28; those to the Federal truck, $4.50; and those to the single wagon $5.85; making a total of $204.63; which plaintiff claims from defendant.

The defendant denied having ordered the plaintiff to overhaul the engine and machinery of the Armleder truck; admits having ordered the repairs to the Federal truck and to the wagon, but denies that

the work was properly done or that it is worth the price charged; it admits owing $50 for the Armleder truck, $4.50 for the Federal truck, and $5.85; for the wagon, and $4.38 for a cushion, oil and gasoline, making a total of $64.73; but that plaintiff is indebted to defendant for goods sold in the sum of $40, leaving a balance due by defendant of $24.75, which it presently deposits in the registry of the court.

There was judgment in favor of plaintiff for $204.63, subject to credits of $40 and $24.75.

The defendant has appealed.

There is no dispute about the repairs to the Federal truck, $4.50, or to the wagon, $5.85, or to the $50 agreed upon for repairs to the Armleder truck, nor for the cushion, $4.38. The only dispute is about the extra work done to the Armleder truck.

The bill sued on for the repairs done to that truck amounts to $189.90.

It is not denied that the work charged for was done. But the defendant testified that plaintiff contracted with him to do all that work for $50 which he admits owing. Pozinsky, the plaintiff, denied that he did. He testified that he agreed to make repairs to the woodwork for $50, but made no price for repairs to the motor and engine, and that the extra amount of $139.90 is all for work and materials in connection with these as the bill shows.

The plaintiff's testimony is corroborated by the facts of the case. It is not probable that a mechanic like the plaintiff would have agreed to make $189.90 worth of repairs for $50.

In addition to the plaintiff, one Alexander, an employee of plaintiff, testified that he heard the defendant Michel ask Pozinsky the price for repairing the motor, and Pozinsky answered that he could not tell until he took down the motor which was broken, and Michel then told him: "Go ahead and fix it."

In addition to this the trial judge saw and heard the witnesses and rendered judgment in favor of plaintiff. We cannot say he erred.